IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ALPHONSO GEYSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-081 |
| | ) | |
| JUDGE CARL C. BROWN, JR.; | ) | |
| OFFICER EDWARD M. McCLUNG, JR; | ) | |
| and SHERIFF CLAY WHITTLE, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Gwinnett County Department of Corrections, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, regarding events alleged to have occurred in Columbia County, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  **SCREENING THE COMPLAINT**

   A.  **BACKGROUND**

Plaintiff names the following Defendants: (1) Superior Court Judge Carl C. Brown, Jr.; (2) Department of Community Services (DCS) Officer Edward M. McClung, Jr.; and (3) Columbia County Sheriff Clay Whittle. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's

allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff pleaded guilty in the Superior Court of Columbia County to two counts of Theft by Taking and two counts of Criminal Attempt to Commit Theft by Taking. (Id., Ex. A.) On December 16, 2008, Judge Brown sentenced Plaintiff to a ten-year term of probation, with credit for time served from July 30, 2008. (Id.) Based on a Petition for Modification/Revocation of Probation signed by Judge Brown on August 22, 2018, Officer McClung and five other DCS officers arrested Plaintiff on a probation violation warrant after Plaintiff's probation term expired. (Doc. no. 1, p. 5 and Ex. B.) The petition alleged Plaintiff had committed deposit account fraud on three occasions in April and May of 2018. (Id., Ex. B.) Judge Brown revoked Plaintiff's ten-year probation term in full on November 19, 2018. (Id.) Although Plaintiff is now at Gwinnett County Department of Corrections, Sheriff Whittle confined Plaintiff at some point during the probation revocation proceedings. (Id. at 5.)

Plaintiff seeks a declaration his arrest for a probation violation after his term of probation expired violated his constitutional rights. In addition to nominal damages, Plaintiff seeks $3,887,520, from Defendants, jointly and severally.

B.   DISCUSSION

1.   **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the

same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

3

### 2.     Plaintiff's Claims Are Barred Under Heck v. Humphrey

Plaintiff's claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held, "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence" has been reversed, expunged, declared invalid, or called into question by the issuance of a federal writ of habeas corpus. Id. at 486-87. The Heck "favorable termination" rule has been applied to complaints alleging problems with revocation proceedings such as those alleged by Plaintiff. See Reilly v. Herrera, 622 F. App'x 832, 834-35 (11th Cir. 2015) (*per curiam*) (affirming *sua sponte* dismissal of § 1983 complaint brought against probation officers and others alleging conspiracy to fabricate violation of conditions of supervised release because if true, "then the arrest would be unlawful and the revocation itself would be invalid"); Cobb v. Florida, 293 F. App'x 708, 709 (11th Cir. 2008) (*per curiam*) (holding district court correctly dismissed §1983 complaint where necessary implication of granting relief would be finding revocation of probation invalid).

Here, Plaintiff alleges Defendant McClung knowingly sought an unlawful arrest warrant after expiration of Plaintiff's sentence and unlawfully arrested Plaintiff. He further alleges Judge Brown unlawfully revoked his probation term which had already expired, and Sheriff Whittle knowingly violated Plaintiff's rights by holding him in the county jail during the revocation proceedings. Were these claims resolved in Plaintiff's favor, the outcome would inevitably undermine Plaintiff's current incarceration, placing the claims "squarely in the purview of Heck." Reilly, 622 F. App'x at 835; see also Vickers v. Donahue, 137 F. App'x 285, 289-90 (11th Cir. 2005) (*per curiam*) (affirming summary judgment in favor of probation officers accused of falsely submitting affidavits for arrest for probation violation

where plaintiff had available post-revocation relief and successful § 1983 claim would imply invalidity of revocation order and sentenced imposed).

In <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), the Supreme Court held, "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." <u>Id.</u> at 500. Plaintiff does not report pursuing any post-revocation relief, proceedings that if resolved in Plaintiff's favor, would move his current claims out of <u>Heck's</u> purview. In short, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Heck</u>, 512 U.S. at 487. Accordingly, Plaintiff's claims are barred under <u>Heck.</u>

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of July, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA