FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

20 APR 29 PM 2:53

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ALPHONSO GEYSER, | * | |
| Plaintiff, | * | |
| v. | * | CV 119-081 |
| JUDGE CARL C. BROWN, JR.; OFFICER EDWARD MCCLUNG, JR.; and SHERIFF CLAY WHITTLE, | * | |
| Defendants. | * | |

## ORDER

Before the Court is Plaintiff's motion for reconsideration of the Court's August 26, 2019 Order (Doc. 11) and corresponding Clerk's Judgment (Doc. 12). (Doc. 13.) The facts of this case are presented in United States Magistrate Judge Brian K. Epps's July 24, 2019 Report and Recommendation. (R. & R., Doc. 9, at 1-2.) Magistrate Judge Epps recommended dismissing Plaintiff's case for failure to state a claim finding the claims barred under Heck v. Humphrey, 512 U.S. 477 (1994). (R. & R., at 4-5.) In the August 26, 2019 Order, the Court adopted Magistrate Judge Epps's Report and Recommendation. (Aug. 26, 2019 Order, Doc. 11.) On September 23, 2019, Plaintiff filed the present motion for reconsideration. (Mot. for Recons., Doc. 13.)

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No.

1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for

reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Plaintiff fails to note under which rule he brings this motion for reconsideration; thus, it is up to the Court to determine. Simply put, "if a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59." Brown v. Spells, No. 7:11-cv-91 (HL), 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (analyzing Rule 59 under former ten-day deadline). Plaintiff filed his motion for reconsideration twenty-eight days following entry of the judgment; therefore, the Court analyzes Plaintiff's motion under Rule 59(e). Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007). Rule 59(e) "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted).

Plaintiff brought this case claiming Defendants arrested him for violating his probation though he allegedly already completed his probation sentence pursuant to his 2008 sentence in case number 2008CR1052. (Compl., at 5-6.) Plaintiff attached evidence to the Complaint that his 2008 sentence expired on December 16, 2018 (Compl., Ex. A, at 8), the arrest warrant for Plaintiff's violation of his probation was ordered on August 22, 2018 (Compl., Ex. B, at 10), and Plaintiff's probation was revoked on November 19, 2018 (Id. at 11). Under these facts, Plaintiff was arrested before his sentence expired.

In support of his motion for reconsideration, Plaintiff offers a motion filed by an Assistant District Attorney ("ADA") for the Gwinnett Judicial Circuit on August 22, 2019, in Plaintiff's state habeas corpus action. (Mot. for Recons., Ex. A.) In the state court motion, the ADA states that Plaintiff's probation was revoked on November 19, 2018, and his 2008 sentence expired in December 2018. (Id. ¶¶ 1, 2.) Accordingly, this evidence supports the Court's finding that Plaintiff was arrested before his probation sentence expired.

Out of completeness, the Court notes that the ADA believes the length of Plaintiff's sentence in a 2011 case, 2011CR1227, may be void. (Id. ¶¶ 2-5.) Plaintiff's current case is limited to an unlawful arrest and his Complaint references only his 2008 case. (See generally Compl.) If Plaintiff in the future seeks to bring

a case for unconstitutional imprisonment based on the alleged unlawfulness of his 2011 sentence, he must satisfy Heck's "favorable termination" rule:

> "In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence" has been reversed, expunged, declared invalid, or called into question by the issuance of a federal writ of habeas corpus.

(R. & R., at 4 (quoting Heck, 512 U.S. at 486-87).)  Even if Plaintiff brought his current case based on the 2011 sentence, Plaintiff offers no official finding that his 2011 sentence is void.  This Order alone, however, does not preclude Plaintiff from later filing an action not barred by Heck.

For the foregoing reasons, Plaintiff's motion for reconsideration (Doc. 13) is **DENIED**.  This case remains **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of April, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA